## GEORGE FIKES

*v.*

## MARY MANCHESTER, Admx., etc.

1. MORTGAGEE *of chattels — claiming possession must show himself entitled to.* A mortgagee of personal property claiming possession, must show himself entitled to it by the terms of the mortgage, and if that provides for possession remaining with the mortgagor until the happening of a default, the mortgagee must show such default.

2. SAME — *what will be considered prima facie right of possession.* In an action of trover brought against a mortgagee for the conversion of the property, where the note, to secure which the mortgage was given, had matured before suit brought, and the property had passed into the possession of the mortgagee, the production of such mortgage and note uncanceled by the mortgagee, is *prima facie* evidence of his right to the possession.

3. MORTGAGOR — *of attempt by, to impeach the consideration — what facts deemed material — of which he must make proof.* And in such case, where the mortgagor sought to impeach the consideration by showing, that the note was given for a less sum of money, and that it was advanced to the mortgagor to be invested for the mortgagee, — *held,* that the due application of the money was a material fact to be established in order to defeat the *prima facie* right of possession in the mortgagee, and that the burden of making such proof devolved upon the mortgagor.

APPEAL from the Court of Common Pleas of the city of Aurora; the Hon. R. G. MONTONY, Judge, presiding.

The facts in this case are fully stated in the opinion.

Messrs. PARKS & ARMIS, for the appellant.

Mr. C. J. METZNER, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action of trover, brought by Mary Manchester, as administratrix of David Manchester, deceased, against George Fikes. The defendant set up a chattel mortgage upon a part of the property, to secure a note of $1,000, bearing date December 15, 1863, and maturing one year from date. As the note had matured long prior to the commencement of the suit, and as the property had passed into the possession of Fikes, in the life-time of Manchester, the production of the note and mortgage made a *prima facie* right to the possession in the defendant. To meet the case thus made, the plaintiff sought to show, that the real consideration of the note was not a debt for $1,000 due to Fikes, but the advancement of certain moneys by Fikes to Manchester, to be invested for the former in Michigan. The court refused to instruct the jury, for the defendant, that, even if this were the true consideration of the note and mortgage, it devolved upon the plaintiff to show the money had been duly invested, but gave an instruction to the plaintiff which tended to convey a different opinion. This was error. It is quite true, as said by appellee's counsel, that, where the morgagee of personal property is claiming possession, he must show himself entitled to it by the terms of the mortgage, and, if that provides for possession remaining with the mortgagor until the happening of a default, the mortgagee must show such default. But all this the defendant in this case did, when he produced the mortgage and the note uncanceled. The plaintiff then seeks to impeach the consideration, by showing that the note was given for a less sum of money, and that this money had been applied according to the directions of the defendant. The due application of the money was a material part of his evidence, in the attempt to defeat the *prima facie* case made for the defendant by his note and mortgage, and the burden of making this proof was clearly upon the plaintiff. Although all the evidence is not preserved in the bill of exceptions, there is enough to enable us to see, that this error, in regard to the instructions, was material. The judgment must be reversed and the cause remanded.

*Judgment reversed.*