### Clarence C. Calkins v. George R. Spaulding.

1. PLEADING—*Questions to be Raised by Replication.*—The question of the validity of a chattel mortgage under which a defendant justifies the taking of personal property must be raised by replication to the plea.

Trespass, for the wrongful taking of goods. Appeal from the Circuit Court of Carroll County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the December term, 1897. Affirmed. Opinion filed February 28, 1898.

EATON & WOLFERSPERGER, attorneys for appellant.

GEORGE L. HOFFMAN, attorney for appellee.

MR. PRESIDING JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action of trespass brought by appellant against appellee, for the alleged wrongful seizing and taking a stock of goods from the possession of appellant.

The appellee by his fourth plea justified the taking of the stock of goods in controversy, under two certain chattel mortgages executed to him by appellant, which mortgages are set out in the plea *in haec verba*, and covered the identical stock of goods which appellee is charged with having wrongfully seized. One of these mortgages is dated February 27, 1896, and the other on August 19, 1896. It appears by the plea, and certainly by the mortgage dated August 19, 1896, that these mortgages were executed and delivered by appellant to appellee, to indemnify the latter for having become surety on a note of appellant to one Emily Heath for the sum of $800, dated February 27, 1896, and due in one year from date with seven per cent interest per annum. This note to Heath bears even date with the first chattel mortgage, and the latter contains the usual insecurity clause. The plea alleges that prior to the committing the grievances complained of, appellant, in violation of the terms of the mortgages, and without the consent of appellee, proceeded to sell portions of the mortgaged property and continued so to do until the same were seized by appellee under the mortgages on the sixth day of September 1896. It will be observed that this last date was prior to the maturity of the Heath note, which was not due until February 27, 1897. This plea, though somewhat inartificially drawn, attempted to justify the taking the stock of goods under the security clause in the mortgage.

To this fourth plea, appellant interposed a general demurrer, which was overruled by the court, and appellant electing to stand by his demurrer, judgment was entered in favor of appellee in bar of the action and against appellant for costs of suit, and he prosecutes this appeal.

The only point made and argued against the plea is, that it fails to aver that the chattel mortgages were valid and subsisting liens upon the property mentioned in the declaration.

This was a question to be raised by replication to the plea. We think the production of a chattel mortgage, by the mortgagee, uncanceled and apparently valid upon its face, is *prima facie* sufficient evidence of the rights of the mortgagee under the mortgage, according to its terms. See Fikes v. Manchester, Adm'x, etc., 43 Ill. 379.

It is said by counsel for appellant in argument, that "these mortgages might have been made to secure a note, which note might not have it appear on its face that the same was secured by a chattel mortgage, and if such was the case said mortgages would be utterly void" under the provisions of Sec. 26, Chap. 95 of the Revised Statutes. But in this case the mortgages were not given to secure any note, but to indemnify appellee for having become the surety of appellant on the Heath note. In any event, we think the plea should not be held bad for failing to aver a compliance with the statute referred to. The Heath note was not due by its terms when appellee foreclosed his chattel mortgages, and no presumption arises that it was paid before maturity. If, for any reason, the chattel mortgages had ceased to be valid liens on the property, it was a simple matter to set up the facts by way of replication.

While the plea may be open to criticism for informality, and would have been held bad on special demurrer, we think appellant has failed to point out any reason why it does not, in substance, present a good defense to the action, and if it does the general demurrer was properly overruled. Judgment affirmed.